IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN RUBINK,
          Plaintiff,

v.            Civil Case No. 3:25cv220

RICHLAND COUNTY SHERIFF'S
DEPARTMENT, *et al.*,
          Defendants.

## OPINION

Kevin Rubink has brought this action against 39 defendants in the fallout from a homeowner's association dispute that arose in South Carolina. The defendants move to dismiss Rubink's amended complaint, which raises dozens of claims, for lack of personal jurisdiction, improper venue, and failure to state a claim. (*See* ECF Nos. 15, 20.) In response, Rubink moves for sanctions against the defendants and asks for an evidentiary hearing on his sanctions request and the defendants' motions to dismiss. (*See* ECF Nos. 27–29.) Rubink also seeks additional time to serve some of the defendants in this action.[1] (*See* ECF No. 26.)

Because the Court lacks personal jurisdiction over this matter, it will dismiss Rubink's suit without prejudice. Rubink also presents no valid basis for imposing sanctions, so the Court will deny his sanctions motion. With personal jurisdiction lacking and sanctions inappropriate, no reason exists to conduct an evidentiary hearing. And given the Court's dismissal of this case, it will deny as moot Rubink's request for additional time to serve some of the defendants.

---

[1] Although Rubink has not served all the defendants in this action, all 39 defendants seem to have notice of this suit, as they all have moved to dismiss this case.

## I. **BACKGROUND**

Rubink alleges that his former neighbors in South Carolina entered into a racially motivated conspiracy to harass and defame him and force him to sell his home there. When Rubink sought help from local law enforcement in South Carolina, the police allegedly failed to investigate the matter or protect him from further harassment. This prompted Rubink to seek relief in South Carolina state court. But even here, Rubink alleges, he did not get a fair shake, claiming that his attorneys and those for the defendants he sued—many of whom overlap with this action—misled, manipulated, and effectively conspired with a South Carolina state court judge to defeat many of his lawsuits and suppress his legal rights.

On March 19, 2025, Rubink filed suit in this Court against 39 defendants, all of whom reside in North Carolina or South Carolina. He amended his complaint five days later. At the time, Rubink resided in Louisa, Virginia, where he moved after leaving South Carolina. He has since moved to Raleigh, North Carolina.

The defendants now ask the Court to dismiss Rubink's suit for lack of personal jurisdiction, improper venue, and failure to state a claim. In so doing, the defendants have drawn the Court's attention to a "vexatious-litigant gatekeeper order" that proscribes Rubink from filing new documents "without a proper review and approval of the Chief Administrative Judge" in the 107 cases he has brought in South Carolina state court. (ECF No. 16-1, at 1.) In response, Rubink requests sanctions against the defendants, claiming that they falsely stated that all events giving rise to this cause of action occurred in South Carolina, mischaracterized his South Carolina lawsuits as frivolous and unsuccessful, wrongly asserted that the Court lacks personal jurisdiction and that venue does not properly lie in the Eastern District of Virginia, and described Rubink as acting in bad faith without factual or legal support. Rubink seeks an evidentiary hearing on his

sanctions request and the defendants' motions to dismiss. He also notes that he has served just 21 of the defendants with process and asks for additional time to serve the remaining 18 defendants.

## II. DISCUSSION

### A. Motions to Dismiss

The defendants move to dismiss Rubink's amended complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For a district court to assert personal jurisdiction over a nonresident defendant, a plaintiff must prove (1) that the forum state's long-arm statute authorizes the exercise of jurisdiction and (2) that the exercise of jurisdiction satisfies due process. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *see Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 397 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In determining whether a defendant has certain "minimum contacts" with a forum state, courts must "consider (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff['s] claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id.* (quoting *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002)).

Rubink fails to demonstrate that Virginia's long-arm statute authorizes the exercise of jurisdiction in this case. Rubink does not allege that any defendants committed acts in Virginia that caused tortious injury to him here. *See* Va. Code § 8.01-328.1(A)(3). And while Rubink alleges that he suffered injuries while living in Virginia by acts committed by the defendants

outside of the state, the amended complaint does not indicate that any of the defendants engage in any sort of persistent course of conduct in Virginia. *See id.* § 8.01-328.1(A)(4).

Even if Virginia's long-arm statute authorized the exercise of jurisdiction, that exercise of jurisdiction fails to satisfy due process. All the key events underlying this case—including the alleged formation of a racially motivated conspiracy, the overt acts committed in furtherance thereof, and Rubink's subsequent issues with the police and legal proceedings—occurred in South Carolina. Furthermore, although Rubink claims that he continued to suffer financial and reputational harm after moving to Virginia, the defendants allegedly committed the acts giving rise to that supposed harm while located in North Carolina and South Carolina. Thus, the defendants have not purposefully availed themselves to Virginia.

Finally, even if the defendants had purposefully availed themselves to Virginia, exercising personal jurisdiction would offend the traditional notions of fair play and substantial justice. In evaluating this factor, courts "must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief," *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 113 (1987), as well as "the interstate judicial system's interest in obtaining the most efficient resolution of controversies" and other applicable policy considerations, *id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). Given that no defendants live in Virginia, they face a high burden of litigating this action here. Virginia, meanwhile, has minimal interest in this action, as none of the defendants' allegedly tortious acts occurred here. Nor does Virginia even serve as a particularly convenient forum for Rubink to obtain relief, as he now resides in Raleigh, North Carolina. And since the vast majority of the evidence is located in South Carolina, litigating this case in Virginia would not serve the ends of judicial economy. Accordingly, the Court will dismiss without prejudice Rubink's suit for lack of personal

jurisdiction. *See Zhang v. Bonomolo*, No. 24-1615, 2024 WL 4524527, at *1 (4th Cir. Oct. 18, 2024) (per curiam) ("[A] dismissal for lack of personal jurisdiction must be without prejudice.").

Lacking personal jurisdiction, the Court will refrain from ruling on the merits of Rubink's claims. The Court does wish to make clear, however, that venue does not properly lie in the Eastern District of Virginia either. Rubink posits that venue exists here under 28 U.S.C. § 1391(b)(2) "because a substantial portion of the acts and resulting harm occurred in . . . Virginia." (ECF No. 29, at 3.) But as the Court has already explained, the acts giving rise to Rubink's claims occurred outside of Virginia. *See supra*. Moreover, any injuries Rubink allegedly suffered in Virginia occurred while he lived in Louisa, which falls within the Western District of Virginia. *See* W.D. Va. Loc. R. 2(a)(2). Thus, the Court cannot proceed with this case on both jurisdictional and venue grounds.

### B. *Motion for Sanctions*

Courts may impose sanctions in various scenarios, including when an attorney makes a false representation to the court for an improper purpose. *See* Fed. R. Civ. P. 11(b). Rubink asks the Court to impose sanctions on the ground that the defendants (1) falsely stated that all events giving rise to this cause of action occurred in South Carolina, (2) mischaracterized his South Carolina lawsuits as frivolous and unsuccessful, (3) wrongly asserted that the Court lacks personal jurisdiction and that venue does not properly lie in the Eastern District of Virginia, and (4) described Rubink as acting in bad faith without factual or legal support. None of these arguments have merit. As noted, all alleged acts giving rise to this cause of action occurred out of state, even if Rubink allegedly suffered harm from those acts in Virginia. *See supra* Section II.A. Moreover, the "vexatious-litigant gatekeeper order" issued against Rubink in South Carolina state court undermines his contention that the defendants have mischaracterized him as acting in bad

faith and his South Carolina lawsuits as frivolous. (ECF No. 16-1, at 1.) Finally, as the Court already explained in detail above, both personal jurisdiction and venue are lacking, so the defendants validly raised those arguments in moving to dismiss Rubink's amended complaint. *See supra* Section II.A. The Court, therefore, declines to impose sanctions on the defendants.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Rubink's suit without prejudice for lack of personal jurisdiction and will deny Rubink's requests for sanctions. Given these rulings, the Court will further deny Rubink's request for an evidentiary hearing. And since the Court has dismissed this suit, it will deny as moot Rubink's request for additional time to serve the unserved defendants in this action.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to Rubink.

Date: 11 June 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge